**UNITED STATES of America,**
**Plaintiff,**

**v.**

**Mrs. Carrie Smith COLLINS, Mrs. Callie Hyman, and Mrs. Addie Collins Cherry, Defendants.**

**Civ. No. 508.**

United States District Court

E. D. North Carolina, Wilson Division.

Nov. 29, 1955.

---

Julian T. Gaskill, U. S. Atty., Raleigh, N. C., for plaintiff.

Philips & Philips, Fountain, Fountain & Bridgers, Tarboro, N. C., for defendants.

GILLIAM, District Judge.

This is an interpleader action by the United States to determine the rights of certain parties who claim or may claim the proceeds of National Service Life Insurance policy No. V–15954770, in the amount of $10,000.00, issued to Richard W. Collins and effective February 1, 1951.

The insured was unmarried at the issue of the policy, but on March 13, 1954 he married Carrie Lucinda Smith, who is the defendant Carrie Smith Collins. The insured died on May 14, 1954.

Both Carrie Smith Collins and Addie Collins Cherry, who is the same person as Addie Collins, designated in the policy as "Conting" (obviously for contingent), beneficiary, have filed answers claiming the entire proceeds. The defendant, Callie Hyman, has filed no answer and it does not appear that she is entitled to recover in any aspect of the evidence.

The defendant Addie Collins Cherry was aunt by marriage of Richard W. Collins, the insured; when Richard was about two years old his mother abandoned him and thereafter Addie Collins Cherry raised him with her own nine children and he lived in the home with her and her children for about twenty years; he always called her "Mama". She furnished him food, clothing, shelter, and other necessities of life during the entire period. His mother never returned and it is not known whether she is still living. The father, if known, never entered the parental picture—and the only parent that insured ever knew was Addie Collins Cherry, one of the claimants. While insured was not living in the home with Addie Collins Cherry for sometime after he became grown, a room there was provided for him and he frequently used it and continued to receive from Addie Collins Cherry financial help and support; and he continued to call her "Mama" and accept her as such though he knew in fact she was not his real mother. Such was the situation when the policy was issued in February, 1951.

It seems clear and I hold that Addie Collins Cherry stood in the relation of "Mother" to the insured within the meaning of that term as defined in the statute, 38 U.S.C.A. 801(f), that such re-

lationship commenced during Insured's minority and continued for a period of at least one year. The following is taken from the application and policy:

| Complete Name and Address of each beneficiary | Relationship | Amount | Option |
|---|---|---|---|
| R   ard Collins (Princ) 407 Pitt St., Tarboro, N. C. | Aunt | 100% | 1 |
| Addie Collins (Conting) 1415 Wagner Street, Tarboro, N. C. | Aunt | 100% | 1 |

An inspection of the original document reveals that the space between the letter "R" and the letter "a" in the first name of the designated "Princ" (obviously for principal) beneficiary is due to the unintentional deletion of the letters between by perforation in filing. The deleted portion appears to be of such size as to have accommodated the three letters "ich" which would lead one to believe that the name used was "Richard", but the matter is complicated by the relationship of "aunt" which appears opposite the name of the principal beneficiary. The evidence shows that insured had no aunt, though Addie Collins (Cherry) the named contingent beneficiary, was his aunt by marriage.

The Court is unable to determine just what the insured had in mind, but does determine and hold that he did not intend to constitute his estate the principal beneficiary, as claimed by Carrie Smith Collins, even if he might have done so under the statutes. This finding must follow from the naming of a contingent beneficiary, since, obviously, such contingent beneficiary in such situation could never take.

Therefore, my determination is that Richard Collins intended that the policy proceeds should go to Addie Collins (Cherry), who to him had been a mother. He was unmarried at the time and it was quite natural for him to think first of her. His intention, in light of the dubious nature of the record, should control. It is true that later insured did marry, but he made no change in the policy as respects the named beneficiaries.

It is my conclusion that the evidence is not sufficient for the purpose of identifying the principal beneficiary, and that, therefore, such designation fails, and that Addie Collins Cherry, the named contingent beneficiary, takes the full proceeds.